**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

| | |
|---|---|
| KERI EVERHART,<br>324 Key Avenue<br>Baltimore, MD 21225<br>    Baltimore City,<br><br>        Plaintiff,<br><br>    v.<br><br>CHASE BANK USA, N.A.,<br>201 North Walnut Street<br>Wilmington, DE 19801<br>            SERVE:<br>The Corporation Trust Company Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801<br><br>        Defendant. | **Civil Action No. _____**<br><br>**COMPLAINT**<br>**(Unlawful Debt Collection Practices)**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Keri Everhart, by and through her attorneys, hereby brings this Complaint against Defendant, Chase Bank USA, N.A., alleging as follows:

1. Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14–201 *et seq.,* and the Maryland Consumer Protection Act ("MCPA") Md. Code Ann., Com. Law §§ 13-101 *et seq.*

## JURISDICTION AND VENUE

2. Since Defendant conducts business in the state of Maryland, this Honorable Court has personal jurisdiction over Defendant.

3. Subject-matter jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012), holding that

federal and state courts have concurrent jurisdiction over private suits arising under the TCPA. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state law claims contained herein.

4. Venue is proper in the United States District Court for the District of Maryland pursuant to 28 U.S.C § 1391(b)(2) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

## PARTIES

5. Plaintiff is a natural person residing in Baltimore City, in the city of Baltimore, Maryland.

6. Defendant is a nationally chartered bank doing business in the state of Maryland, with its principal place of business in Wilmington, Delaware.

7. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

8. Defendant is a "person" as defined by 47 U.S.C. §153 (39).

9. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

10. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (410) 762-80XX.

11. Defendant placed collection calls to Plaintiff from various phone numbers including, but not limited to (210) 520-0004, (847) 426-9209, (813) 372-1900, (847) 426-9145, (800) 313-4150, (407) 732-2415 and (888) 694-6909.

12. Per its prior business practices, Defendant's calls were placed with an automated telephone dialing system ("auto-dialer").

13. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, Keri Everhart.

14. Defendant's automated calls to Plaintiff were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

15. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

16. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

17. On or about December 18, 2017, Plaintiff called Defendant's company line at phone number (210) 520-0004, spoke with Defendant's male representative who identified himself as "E36350" and requested that Defendant cease calling Plaintiff's cellular phone.

18. During the conversation, Plaintiff gave Defendant both her phone number and social security number to assist Defendant in identifying her and accessing her account before asking Defendant to stop calling her cellular telephone.

19. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on December 18, 2017.

20. Despite Plaintiff's request to cease, Defendant continued to place collection calls to Plaintiff on December 26, 2017.

21. Defendant continued to place collection calls to Plaintiff, at least, through May 2018.

22. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least sixty-seven (67) automated calls to Plaintiff's cellular phone.

**COUNT I - NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT  47 U.S.C. § 227**

23. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq*.

25. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

26. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

### COUNT II -  KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 et. seq.

27. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

28. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

29. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

30. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

### COUNT III - VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT ("MCDCA") AND MARYLAND CONSUMER PROTECTION ACT ("MCPA") MD. CODE ANN., COM. LAW §§ 14-201 *ET SEQ.* AND §§ 13-101 *ET SEQ.*

31. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

32. Defendant violated the Maryland Consumer Protection Act based on the following:

   a. Defendant violated §13-301(14) of the MCPA by continuously failing to comply with the statutory regulations contained within the Maryland Consumer Debt Collection Act, § 14-201 *et seq.*

   b. Defendant's conduct of repeatedly and continuously calling Plaintiff on her cellular phone, even after Plaintiff required Defendant to cease doing so, was made to harass and abuse the Plaintiff and cause her undue telephone expenses, in violation of §14-202(6) of the MCDCA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KERI EVERHART, respectfully requests judgment be entered against Defendant, CHASE BANK USA, N.A., for the following:

### COUNT I

a. Awarding Plaintiff statutory damages of $500.00 multiplied by the number of TCPA *negligent* violations alleged herein: sixty-seven (67) for a total of $33,500.00; and

b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial.

### COUNT II

a. Awarding Plaintiff statutory damages of $1,500.00 multiplied by the number of TCPA *willful* violations alleged herein: sixty-seven (67) for a total of $100,500.00; and

b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial.

### COUNT III

a. Actual damages and compensatory damages according to proof at time of trial;

b. Litigation costs and reasonable attorney's fees, as mandated by applicable MCPA § 13-408(b);

c. Any other relief that this Honorable Court deems appropriate.

## JURY DEMAND

33. Plaintiff respectfully demands a trial by jury on all issues so triable.

                                                Respectfully submitted by,

Dated: August 23, 2018                /s/ Anitra Ash-Shakoor
                                                Anitra Ash-Shakoor
                                                (Federal Bar No. 18701)
                                                Capital Justice
                                                1300 I Street NW, Suite 400E
                                                Washington, DC 20005
                                                Tel. (202) 465-0888
                                                Fax. (202) 827-0089
                                                Email: a.ashshakoor@capitaljustice.com

                                                Carlos C. Alsina-Batista
                                                (admission pro hac vice pending)
                                                The Law Offices of Jeffrey Lohman, P.C.
                                                4740 Green River Road, Suite 310
                                                Corona, CA 92880
                                                Tel. (657) 363-3331
                                                Fax. (657) 246-1311
                                                Email: CarlosA@jlohman.com